JUSTICE SHEEHY,
dissenting:
I dissent, and would affirm the District Court.
We are involved here with a civil proceeding. The findings of the District Court should be sustained by us unless they are clearly erroneous. Rule 52, M.R.Civ.P.
The District Court made the following findings of fact:
“3. Officer Lohse followed Patrick Boland from Second Street and Central Avenue to the Hardee’s restaurant on First Avenue North and Park Drive. During the time of surveillance by Officer Lohse, Patrick Boland operated his vehicle in a proper and legal manner.
“4. The unrebutted testimony is that Patrick Boland’s vehicle was legal and that Patrick Boland’s manner of driving was at all times legal and there is no reasonable cause for arresting Patrick Boland.”
The foregoing findings by the District Court Judge are supported by the evidence in the cause. The following colloquy occurred during the trial:
“THE COURT: Before that, though, you had seen nothing yourself that warranted you arresting him?
“THE WITNESS: Concerning his driving?
“THE COURT: Yes.
“THE WITNESS: That’s correct. Other than just Officer Scheele advising me of the fact that he had observed this, and asked me to — I pulled in behind the vehicle, and by the time I got behind it *526 we are into the 200 block, and just like he was turning on to Park Drive, and all of a sudden was into the Hardee’s lot —
“THE COURT: How many blocks did you follow him:
“THE WITNESS: Approximately — it would be three blocks approximately.
“THE COURT: And you didn’t observe anything in those three blocks that could cause you to believe —
“THE WITNESS: That’s correct, I could not say I observed anything with the vehicle.”
The pivotal question here is whether the arresting officer had any reason to make a stop and interrogate the defendant. He had no personal knowledge of any violation of the highway laws. The court gave its reasons for its decision, and they are proper, in the following:-
“THE COURT: He saw him in physical control of the vehicle, and he was driving exactly like he was supposed to do. That’s why we have laws, so we don’t have officers arresting people when they are doing nothing. That’s why we have the right to drive in this country. It is a privilege. And that’s why we don’t want officers stopping people in their cars when they have no reason to stop them.
“Now this officer observed this man driving, he saw nothing wrong with his driving, How would you like it if they stopped you? You might say you are sober and everything, it is just the inconvenience of being stopped. That’s why we don’t want people being stopped.
“This is a free country. We have our liberties. We don’t want police officers stopping somebody when he doesn’t have any cause to stop them.
“He observed this man driving, Officer Lohse said he was weaving, it was a snowy night and so on, and he had been weaving — he may have been tired or something. But when this officer got on his tail and followed him for two and three blocks there, he wasn’t doing anything wrong ...”
The information radioed by Officer Scheele to Officer Lohse did not jibe with the actual observations made by the arresting officer. Officer Lohse did not have reasonable cause to stop Patrick Boland. As the District Court noted, the observation the officer made after the stop can not excuse the improper stop. Yet, it is the observations made by the officer after the stop upon which this Court relies to reverse the District Court. I would affirm.